UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

v.   Case Nos.: 3:06cr44/LAC/CJK
   3:16cv658/LAC/CJK

CHRISTOPHER KEITH STANLEY,

   Defendant.
_____/

ORDER and REPORT AND RECOMMENDATION

This case is before the court on a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. (ECF No. 91). Because this court's review of the record reveals that Defendant should have filed his motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, the motion should be dismissed without prejudice to pursue relief under the appropriate statute.

Defendant pleaded guilty in May of 2006 to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine. (ECF No. 26). In October of 2006, he was sentenced to 240 months' imprisonment. (ECF No. 62).

Defendant did not appeal and he has not filed a prior motion to vacate pursuant to 28 U.S.C. § 2255.

In the instant motion Defendant contends that his federal sentence is being unlawfully executed because he has not received appropriate credit for time served prior to the commencement of his federal sentence. A challenge to the continuation or execution of an initially valid confinement should be brought in an action under 28 U.S.C. § 2241. *See Thomas v. Crosby*, 371 F.3d 782, 810 (11th Cir. 2004) (*citing McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997)); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351–52 (11th Cir. 2008); *Bishop v. Reno*, 210 F.3d 1295, 1304 (11th Cir. 2000); *see also Chambers v. United States*, 106 F.3d 472, 474–75 (2nd Cir.1997) (noting that § 2241 allows challenges to the execution, rather than imposition of, a sentence and articulating instances where a federal prisoner may properly file a § 2241 petition). A collateral attack on the validity of a federal conviction and sentence is more properly brought under 28 U.S.C. § 2255. *Antonelli*, 542 F.3d at 1351; *Hadjuk v. United States*, 764 F.2d 795 (11th Cir. 1985). Therefore, a motion pursuant to title 28 U.S.C. § 2255 is not the proper vehicle for raising the instant challenge.

Case Nos.: 3:06cr44/LAC/CJK; 3:16cv658/LAC/CJK

Accordingly, it is **ORDERED**:

The Clerk shall provide Defendant with a form for use in § 2241 cases.

And it is respectfully **RECOMMENDED**:

Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody, (ECF No. 91), be **DISMISSED without prejudice**.

At Pensacola, Florida this 21st day of December, 2016.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:06cr44/LAC/CJK; 3:16cv658/LAC/CJK